## COMMONWEALTH vs. HARRISON T. BABCOCK.

Upon a complaint for carrying intoxicating liquor to a town, having reason to believe that it was to be sold there in violation of law, the burden is on the Commonwealth to prove that the town did not authorize the sale of such liquor, notwithstanding the provision of the St. of 1864, c. 121, that when the defendant in a criminal prosecution relies for justification "upon any license, appointment or authority," he must prove it.

Upon the trial of a complaint for carrying intoxicating liquor to a town, having reasonable cause to believe that it was to be sold there in violation of law, the exclusion of evidence that the defendant did not know whether the sale of such liquor was permitted in that town, furnishes him with no ground of exception.

COMPLAINT to a justice of the peace, charging that the defendant conveyed certain intoxicating liquor from place to place in the county of Franklin, he having reasonable cause to believe that the same was intended to be sold in violation of law.

At the trial, on appeal, in the Superior Court, before *Devens*, J., there was evidence that the liquor in question was ale ; that the defendant knew it was intended for sale in Montague ; and that it was seized while he was carrying it thither.

The defendant was examined as a witness, and his counsel asked him " whether he knew, in point of fact, whether the sale of malt liquors was permitted at the time of the seizure in the town of Montague ? " To this question the district attorney objected, and the judge refused to allow it to be answered.

The defendant requested the judge to instruct the jury " that the burden of proof was on the Commonwealth to show that the town of Montague, at the time of the seizure, did not allow the sale of malt liquors within its limits, and that this should be shown as matter of fact by affirmative evidence other than the statute." The judge declined so to instruct the jury, and instructed them " that if the defendant relied upon any vote of the town of Montague permitting the sale of malt liquors therein, he should show the same."

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*G. W. Bartlett,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

MORTON, J. The complaint charges that the defendant conveyed certain intoxicating liquor from place to place in the county of Franklin, he having reasonable cause to believe that the same was intended to be sold in violation of law. The evidence tended to show that he conveyed ale to Montague, and that he knew that it was intended for sale in Montague. The defendant requested the court to instruct the jury that the burden of proof was on the Commonwealth to show that the town of Montague did not allow the sale of ale within its limits. The court refused this ruling, and instructed the jury that if the defendant relied upon any vote of Montague permitting the sale of ale therein, he should show the same.

This ruling was evidently made upon the assumption that the St. of 1864, *c.* 121, applied to this case. Its effect was to require or authorize the jury to convict the defendant upon proof that he knew that the ale was intended for sale in Montague, without any proof except the presumption created by the statute, that such sale was illegal or that he had reasonable cause to believe it to be illegal. We are of opinion that this ruling was erroneous.

The general rule is, that the burden is on the government to prove every substantial fact of a criminal charge, even when it requires proof of a negative. *Commonwealth v. Lahy,* 8 Gray, 459. Under this rule, the burden is upon the government in this

case to prove, not only that the defendant had reasonable cause to believe that the ale he was conveying was intended for sale in Montague, but also that he had reasonable cause to believe that such sale was illegal.

The St. of 1864, *c.* 121, § 1, provides that " in all criminal prosecutions in which the defendant relies for his justification upon any license, appointment or authority, he shall prove the same ; and until such proof, the presumption shall be that he is not authorized." This statute applies to cases where the defendant is charged with doing an act which is illegal by the general law, and where he is obliged to take it out of the general provisions of law by some license, appointment or authority authorizing him to do the act. And it has been held that under this statute a defendant indicted for a sale of intoxicating liquor, and proved to have sold ale, must show that the town in which the sale was made had legalized it, or the presumption would be that he was not authorized by law to sell. *Commonwealth* v. *Kennedy*, 108 Mass. 292. The reason is that in such a case the defendant, to justify an act otherwise illegal, relies upon the vote of the town licensing and authorizing him to do the act. But we think that the case at bar is different. The vote of the town legalizing the sale of ale therein, if one was passed, cannot properly be designated as a license, appointment or authority by which the defendant is authorized to carry ale into the town to be sold there. The vote is a license or authority to the seller to sell ; it confers upon him the right to sell. With it he can sell ; without it he cannot sell. But if such vote is passed, it is not by virtue of it that the carrier brings into the town ale intended for sale. If such vote is not passed, his act is not therefore illegal. The offence consists in transporting liquor, having reasonable cause to believe that it is intended to be sold in violation of law. If he carries liquor from place to place knowing it is to be sold, but having no cause to believe that such sale is illegal, he is guilty of no offence. We are of opinion that the statute does not apply to this case, and therefore that the ruling of the presiding judge was erroneous.

The other exception must be overruled. The issue was whether the defendant had reasonable cause to believe that the liquor was intended for sale in violation of law, not whether he knew it to be so intended. Evidence that he did not know whether the sale of ale was permitted in Montague was immaterial and incompetent. *Coburn* v. *Proctor*, 15 Gray, 38.

*Exceptions sustained.*